## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SAMMY LEE JACKSON, JR.,**
7527 Starfire Cove
Memphis, TN 38125,

**ANITA CASON LEWIS,**
126 Hollywood Blvd. SE
Fort Walton Beach, FL 32548,

**MINNIE LEE JACKSON,**
433 Lipford Street
Memphis, TN 38112,

**SAMUEL AARON JACKSON,**
433 Lipford St.
Memphis, TN 38112,

**SIERRA ALEXANDRIA JACKSON,**
126 Hollywood Blvd. SE
Fort Walton Beach, FL 32548,

**ROSALYN SHANTELL JACKSON,**
499 Sawmill Creek Ln.
Cordova, TN 38016,

**ESTATE OF LATRICIA RENELL SMALL,**
By Michael Small, as Representative,
1380 Faxon Ave.
Memphis, TN 38104,

**RUSSELL DAVIN BARILE,**
621 Morning Oaks Dr.
Holly Springs, NC 27540,

**ESTATE OF MARGARET BARILE,**
By Russell Davin Barile, as Representative,
621 Morning Oaks Dr.
Holly Springs, NC 27540,

**LAURA SUSANNE BERGSTROM,**
1916 Table Dr.
Golden, CO 80401,

Civil Action No.: _____

1

**VIRGINIA LEE SIMMONS,**
1140 Ulysses St.
Golden, CO 80401,

**JESSICA FRANCINE BRADSHAW,**
2217 South Lloyd Ct.
Spokane, WA 99223,

**FREDERICK JOE KOWALCZYK,**
6923 N. Alpine Fir
Spokane, WA 99217,

**LAWRENCE HENRY BRANCH,**
8100 GA HWY 122 W
Hahira, GA 31632,

**ESTATE OF MELISA JOLENE PADGETT-BRANCH,**
By Lawrence Henry Branch, as Representative,
8100 GA HWY 122 W
Hahira, GA 31632,

**ESTATE OF MARY IDA BRANCH,**
By Lawrence Henry Branch, as Representative,
8100 GA HWY 122 W
Hahira, GA 31632,

**JOSEPH RALPH BRANCH,**
1308 S. Sydney Ave.
Russellville, AR 72802,

**ESTATE OF LORETTA JOSEPHINE VIGIL,**
By Marisa Angelica Vigil, as Representative,
20 Don Alfonso Rd.
Guadalupita, NM 87722,

**TEODORO ANTHONY GANDERT,**
188 Skyline Dr.
Edgewood, NM 87015,

**ANDREW JAMES GANDERT,**
804 E. Benjamin Ave., Apt 201
Norfolk, NE 68701,

**ROBERT EDWARD BRYANT,**
6710 E University Dr. Unit 119
Mesa, AZ  85205,

**BENJAMIN SCOTT COLEMAN,**
1507 Candlewood St.
Fredericksburg, VA 22407,

**MICHAEL J. DOLINAR,**
165 Cinnamon Dr.
Satellite Beach, FL, 32937,

**LONNIE DUANE INNMON,**
9122 Grand Lake Estates Dr.
Montgomery, TX 77316,

**PATRICIA DIANNE MCSPARRAN,**
411 County Rd. 403
Hamilton, TX 76531,

**ESTATE OF LONNIE LAPRELLE INNMON, JR.,**
By Martha Gray Innmon, as
Representative,
1891 FM 279
Ben Wheeler, TX 75754,

**MARTHA GRAY INNMON,**
1891 FM 279
Ben Wheeler, TX 75754,

**HARALD ROBERT JAUTAKIS,**
45 Sixth St., Unit 113
Shalimar, FL 32579,

**PAMELA BARBARA JAUTAKIS,**
45 Sixth St., Unit 113
Shalimar, FL 32579,

**MARK EDWIN LADTKOW,**
111 Cashel Mara Dr.
Panama City, FL 32409,

**ANDREA DORA LADTKOW,**
111 Cashel Mara Dr.
Panama City, FL 32409,

**CHRISTINE ANN LOCKE,**
131 Hawks Tail Dr.
Kathleen, GA 31047,

**TONYA CATRICE MCCURDY,**
745 Monticello Cir.
Allen, TX 75002,

**ESTATE OF VICKIE LYNN MCCURDY,**
By Tonya Catrice McCurdy, as
Representative,
745 Monticello Cir.
Allen, TX 75002,

**WAYNE MELLO, SR.,**
655 W. Walkertown Dr.
Citrus Springs, FL 34434,

**ROSE MARIE MELLO,**
655 W. Walkertown Dr.
Citrus Springs, FL 34434,

**ANTHONY MELLO,**
5412 Fountain Ln.
Hope Mills, NC 28348,

**WAYNE MELLO, JR.,**
118 Lands End
Wichita Falls, TX 76308,

**MICHAEL DAVID MORELOCK,**
1359 Cypress Trace Dr.
Melbourne, FL 32940,

**ESTATE OF FREDERICK ANTONIO ROBINSON,**
By Tomickca Denise Robinson, as
Representative,
188 Dove Ct.
Newport News, VA 23606,

**ESTATE OF ULA G. EVANS,**
By Tonya Rena Boone, as
Representative,
571 N. Evergreen St.
Gardner, KS 66030,

**ESTATE OF NATHANIEL
ROBINSON,**
By Linda Ruth Robinson, as
Representative,
2249 Newton Bethel Rd.
Newton, MS 39345,

**MARQUELL DEMETRAE
ROBINSON,**
188 Dove Ct.
Newport News, VA 23606,

**TONYA RENA BOONE,**
571 N. Evergreen St.
Gardner, KS 66030,

**ESTATE OF PAMELA DENISE
BRADLEY,**
By Breana Necole Cunningham, as
Representative,
100 MLK Ave.
Ackerman, MS 39735,

**KAWAM MWANGI EVANS,**
5116 Cheever Circle
Indianapolis, IN 46239,

**CEDRICK CAMINO ROBINSON,**
2249 Newton Bethel Rd.
Newton, MS 39345,

**OSA ROBINSON,**
19006 Serrano Gap Ct.
Cypress, TX 77429,

**ESTATE OF SIDNEY GARCIA ROBINSON,**
By Linda Ruth Robinson, as Representative,
2249 Newton Bethel Rd.
Newton, MS 39345,

**CHANDRA LYNN WHEATON,**
50 Shadow Ridge Dr.
Hattiesburg, MS 39402,

**CHRISTOPHER HOWARD ROMERO,**
7843 Cathy Ave.
Rosamond, CA 93560,

**ESTATE OF JUDITH ANN MOYA,**
By Christopher Howard Romero, as Representative,
7843 Cathy Ave.
Rosamond, CA 93560,

**THOMAS LEOPOLD MOYA,**
21 Penrose Dr.
Yerington, NV 89447,

**DONALD WAYNE ROUSE,**
6846 Crooked Stick Dr., Apt. 2104
Melbourne, FL 32940,

**EILEEN PATRICIA ROUSE,**
4182 Mount Carmel Tobasco Rd.
Cincinatti, OH 45255,

**ROY EDGAR SMITH,**
106 Mountain Trace Ln.,
Dahlonega, GA 30533,

**JEFFERY DEAN SPIVEY,**
308 Charlton St.,
Cantonment, FL 32533,

**JALISSA DENISE SPIVEY,**
108 Isla Court Chalan
Islas Marianas, GU 96929,

**TIMOTHY PAUL STEHLEY,**
1713 34th Ave. SE,
Minot, ND 58701,

**PATRICIA KAREN HERMALIK,**
1600 8th Ave., Apt. 208
Altoona, PA 16602,

**TABATHA ANN BARR,**
110 4th Ave.
Altoona, PA 16602,

**TANYA KAREN HARSHBERGER,**
114 Clark St.
Bellwood, PA 16471,

**TAMMY LEE STEHLEY,**
1304 16th Ave.
Altoona, PA 16601,

**ROBERT MORRIS TREADWAY, JR.,**
3100 Briar Stream Run
Raleigh, NC 27612,

**MARY THAGGARD TREADWAY,**
3100 Briar Stream Run
Raleigh, NC 27612,

**JANICE POWERS TREADWAY,**
By Robert Morris Treadway, Jr., as
Representative,
3100 Briar Stream Run
Raleigh, NC 27612,

**ESTATE OF ROBERT MORRIS TREADWAY, SR.,**
By Robert Morris Treadway, Jr., as
Representative,
3100 Briar Stream Run
Raleigh, NC 27612,

**ROBERTA TREADWAY COATS,**
4024 John S. Raboteau Wynd
Raleigh, NC 27612,

**CHRISTOPHER THOMAS WAGAR,**
6919 N Verlaine Dr.
Coeur D'Alene, ID 83815,

**MATTHEW A. WELLS,**
5817 Hall St.
Burke, VA 22015,

**ANGELA SUE HOLLOWAY,**
8213 Forest Circle
Seminole, FL 33776,

**SARA ASHLEY WELLS,**
1119 Bonita St.
Moab, UT 84532,

**MARGARET KAYE WELLS,**
638 Arden Ln.
Pittsburgh, PA 15243,

**WILLARD LEE WELLS,**
By Margaret Kaye Wells, as
Representative,
638 Arden Ln.
Pittsburgh, PA 15243,

**NICHOLAS WELLS,**
638 Arden Ln.
Pittsburgh, PA 15243, and

**STEPHEN HUTCHINSON WELLS**,
290 Magnolia Pl.
Pittsburgh, PA 15228,

    **Plaintiffs,**
  **v.**

**ISLAMIC REPUBLIC OF IRAN,**
Ministry of Foreign Affairs
Imam Khomeini Avenue
Tehran, Iran,

    **Defendant.**

## COMPLAINT

1.    On June 25, 1996, terrorists detonated a 5,000-pound truck bomb outside of the Khobar Towers housing complex in Dhahran, Saudi Arabia, which housed coalition forces including U.S. military personnel (the "Khobar Towers Attack"). The tremendous force of the blast caused extensive damage across several buildings, killing 19 U.S. servicemembers and wounding many other U.S. and international military personnel and civilians.

2.    Plaintiffs, by and through undersigned counsel, bring this action seeking damages arising out of the Khobar Towers Attack. Plaintiffs are all U.S. citizens, each of whom was either a member of the U.S. Armed Forces who was physically and/or emotionally injured as a result of the Khobar Towers Attack (the "U.S. Servicemember Plaintiffs"), or an immediate family member of one of the U.S. Servicemember Plaintiffs (the "Family Member Plaintiffs").

3.    Courts in this District repeatedly have found Defendant, the Islamic Republic of Iran ("Defendant" or "Iran"), liable for the Khobar Towers Attack based on the same facts alleged in this Complaint, and in each instance have awarded damages to colleagues of Plaintiffs who were injured or murdered alongside them, and to their family members. *See, e.g.*, *Estate of Johnson*, No. 23-cv-01689, 2024 WL 3225954, at *13 (D.D.C. June 28, 2024) (Howell, J.); *Thole v. Islamic Republic of Iran*, No. 23-cv-00793, 2024 WL 2208208, at *13 (D.D.C. May 16, 2024) (Howell, J.); *Gration v. Islamic Republic of Iran*, No. 21-cv-01859, 2023 WL 5221955, at *28 (D.D.C. Aug. 15, 2023) (Howell, J.); *Mustard v. Islamic Republic of Iran*, No. 21-cv-00163, 2023 WL 1778193, at *10 (D.D.C. Feb. 6, 2023) (Howell, C.J.); *Ackley v. Islamic Republic of Iran*, No. 20-cv-00621, 2022 WL 3354720, at *50 (D.D.C. Aug. 12, 2022) (Howell, C.J.); *Blank v. Islamic Republic of Iran*, No. 19-cv-03645, 2021 WL 3021450, at *9 (D.D.C. July 17, 2021) (Howell, C.J.); *Christie v. Islamic Republic of Iran*, No. 19-cv-01289, 2020 WL 3606273, at *19 (D.D.C. July 2, 2020)

(Howell, C.J.); *Aceto v. Islamic Republic of Iran*, No. 19-cv-00464, 2020 WL 619925, at *17 (D.D.C. Feb. 7, 2020) (Howell, C.J.); *Schooley v. Islamic Republic of Iran*, No. 17-cv-01375, 2019 WL 2717888, at *73 (D.D.C. June 27, 2019) (Howell, C.J.); *Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d 1, 38 (D.D.C. 2018) (Howell, C.J.); *Valencia v. Islamic Republic of Iran*, 774 F.Supp.2d 1, 10-14 (D.D.C. 2010) (Lamberth, C.J.); *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181, 197 (D.D.C. 2008) (Lamberth, C.J.); *Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 266-67 (D.D.C. 2006) (Lamberth, J.) ("*Heiser I*"); *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, 54-58 (D.D.C. 2006) (Lamberth, J.).

4.      Plaintiffs here seek judgment against Defendant pursuant to 28 U.S.C. § 1605A, the "Terrorism Exception" to the Foreign Sovereign Immunities Act, and allege as follows:

## I.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1330(a). Defendant is subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and in particular 28 U.S.C. § 1605A (the "Terrorism Exception"), and related statutes.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

## II.

## THE PARTIES

### PLAINTIFFS

7.      Plaintiffs are U.S. citizens and members of the U.S. Armed Forces who were injured as a result of the Khobar Towers Attack, and the immediate family members of those injured U.S. citizen service members.

**A. Jackson Family**

8.    Sammy Lee Jackson, Jr. was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Sammy Lee Jackson, Jr. was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Sammy Lee Jackson, Jr. was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Sammy Lee Jackson, Jr. brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

9.    Anita Cason Lewis was the wife of Sammy Lee Jackson, Jr., who was injured as a result of the Khobar Towers Attack, at the time of the acts alleged herein. Anita Cason Lewis is a U.S. citizen. Anita Cason Lewis brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

10.    Minnie Lee Jackson is the mother of Sammy Lee Jackson, Jr., who was injured as a result of the Khobar Towers Attack. Minnie Lee Jackson is a U.S. citizen. Minnie Lee Jackson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

11.    Samuel Aaron Jackson is the son of Sammy Lee Jackson, Jr., who was injured as a result of the Khobar Towers Attack. Samuel Aaron Jackson is a U.S. citizen. Samuel Aaron Jackson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

12.    Sierra Alexandria Jackson is the daughter of Sammy Lee Jackson, Jr., who was injured as a result of the Khobar Towers Attack. Sierra Alexandria Jackson is a U.S. citizen. Sierra Alexandria Jackson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

13.    Rosalyn Shantell Jackson is the sister of Sammy Lee Jackson, Jr., who was injured as a result of the Khobar Towers Attack. Rosalyn Shantell Jackson is a U.S. citizen. Rosalyn Shantell Jackson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

14.    Latricia Renell Small, now deceased, was the sister of Sammy Lee Jackson, Jr., who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Latricia Renell Small was a U.S. citizen. Latricia Renell Small died on November 6, 2023. Latricia Renell Small's estate is governed by the laws of Tennessee. Latricia Renell Small is represented by Michael Small for purposes of this lawsuit. Michael Small, on behalf of Latricia Renell Small, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**B.  Barile Family**

15.    Russell Davin Barile was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Russell Davin Barile was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Russell Davin Barile was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Russell Davin Barile brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

16.    Margaret Barile, now deceased, was the mother of Russell Davin Barile, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Margaret Barile was a U.S. citizen. Margaret Barile died on June 14, 2012. Margaret Barile's estate is governed by the laws of North Carolina. Margaret Barile is represented by Russell Davin Barile for purposes of this lawsuit. Russell Davin Barile, on behalf of Margaret Barile, brings claims for

personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**C. Bergstrom Family**

17.    Laura Susanne Bergstrom was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Laura Susanne Bergstrom was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Laura Susanne Bergstrom was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Laura Susanne Bergstrom brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

18.    Virginia Lee Simmons is the mother of Laura Susanne Bergstrom, who was injured as a result of the Khobar Towers Attack. Virginia Lee Simmons is a U.S. citizen. Virginia Lee Simmons brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**D. Bradshaw Family**

19.    Jessica Francine Bradshaw was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Jessica Francine Bradshaw was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Jessica Francine Bradshaw was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Jessica Francine Bradshaw brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

20.    Frederick Joe Kowalczyk is the father of Jessica Francine Bradshaw, who was injured as a result of the Khobar Towers Attack. Frederick Joe Kowalczyk is a U.S. citizen.

Frederick Joe Kowalczyk brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**E.  Branch Family**

21.     Lawrence Henry Branch was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Lawrence Henry Branch was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Lawrence Henry Branch was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Lawrence Henry Branch brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

22.     Melisa Jolene Padgett-Branch, now deceased, was the wife of Lawrence Henry Branch, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Melisa Jolene Padgett-Branch was a U.S. citizen. Melisa Jolene Padgett-Branch died on July 15, 2015. Melisa Jolene Padgett-Branch's estate is governed by the laws of Georgia. Melisa Jolene Padgett-Branch is represented by Lawrence Henry Branch for purposes of this lawsuit. Lawrence Henry Branch, on behalf of Melisa Jolene Padgett-Branch, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

23.     Mary Ida Branch, now deceased, was the mother of Lawrence Henry Branch, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Mary Ida Branch was a U.S. citizen. Mary Ida Branch died on March 2, 2000. Mary Ida Branch's estate is governed by the laws of New Mexico. Mary Ida Branch is represented by Lawrence Henry Branch for purposes of this lawsuit. Lawrence Henry Branch, on behalf of Mary Ida Branch, brings

claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

24.     Joseph Ralph Branch is the father of Lawrence Henry Branch, who was injured as a result of the Khobar Towers Attack. Joseph Ralph Branch is a U.S. citizen. Joseph Ralph Branch brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

25.     Loretta Josephine Vigil, now deceased, was the sister of Lawrence Henry Branch, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Loretta Josephine Vigil was a U.S. citizen. Loretta Josephine Vigil died on September 28, 2015. Loretta Josephine Vigil's estate is governed by the laws of New Mexico. Loretta Josephine Vigil is represented by Marisa Angelica Vigil for purposes of this lawsuit. Marisa Angelica Vigil, on behalf of Loretta Josephine Vigil, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

26.     Teodoro Anthony Gandert is the brother of Lawrence Henry Branch, who was injured as a result of the Khobar Towers Attack. Teodoro Anthony Gandert is a U.S. citizen. Teodoro Anthony Gandert brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

27.     Andrew James Gandert is the brother of Lawrence Henry Branch, who was injured as a result of the Khobar Towers Attack. Andrew James Gandert is a U.S. citizen. Andrew James Gandert brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

### F.  Robert Edward Bryant

28.    Robert Edward Bryant was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Robert Edward Bryant was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Robert Edward Bryant was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Robert Edward Bryant brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

### G.  Benjamin Scott Coleman

29.    Benjamin Scott Coleman was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Benjamin Scott Coleman was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Benjamin Scott Coleman was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Benjamin Scott Coleman brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

### H.  Michael J. Dolinar

30.    Michael J. Dolinar was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Michael J. Dolinar was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Michael J. Dolinar was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Michael J. Dolinar brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

## I. Innmon Family

31.     Lonnie Duane Innmon was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Lonnie Duane Innmon was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Lonnie Duane Innmon was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Lonnie Duane Innmon brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

32.     Patricia Dianne McSparran is the mother of Lonnie Duane Innmon, who was injured as a result of the Khobar Towers Attack. Patricia Dianne McSparran is a U.S. citizen. Patricia Dianne McSparran brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

33.     Lonnie Laprelle Innmon, Jr., now deceased, was the father of Lonnie Duane Innmon, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Lonnie Laprelle Innmon Jr. was a U.S. citizen. Lonnie Laprelle Innmon, Jr. died on April 4, 2010. Lonnie Laprelle Innmon, Jr.'s estate is governed by the laws of Texas. Lonnie Laprelle Innmon, Jr. is represented by Martha Gray Innmon for purposes of this lawsuit. Martha Gray Innmon, on behalf of Lonnie Laprelle Innmon Jr., brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

34.     Martha Gray Innmon is the step-mother of Lonnie Duane Innmon, who was injured as a result of the Khobar Towers Attack. Martha Gray Innmon is a U.S. citizen. Martha Gray Innmon brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**J. Jautakis Family**

35.     Harald Robert Jautakis was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Harald Robert Jautakis was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Harald Robert Jautakis was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Harald Robert Jautakis brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

36.     Pamela Barbara Jautakis is the wife of Harald Robert Jautakis, who was injured as a result of the Khobar Towers Attack. Pamela Barbara Jautakis is a U.S. citizen. Pamela Barbara Jautakis brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**K. Ladtkow Family**

37.     Mark Edwin Ladtkow was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Mark Edwin Ladtkow was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Mark Edwin Ladtkow was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Mark Edwin Ladtkow brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

38.     Andrea Dora Ladtkow is the wife of Mark Edwin Ladtkow, who was injured as a result of the Khobar Towers Attack. Andrea Dora Ladtkow is a U.S. citizen. Andrea Dora Ladtkow brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**L.  Christine Ann Locke**

39.    Christine Ann Locke was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Christine Ann Locke was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Christine Ann Locke was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Christine Ann Locke brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**M. McCurdy Family**

40.    Tonya Catrice McCurdy was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Tonya Catrice McCurdy was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Tonya Catrice McCurdy was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Tonya Catrice McCurdy brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

41.    Vickie Lynn McCurdy, now deceased, was the mother of Tonya Catrice McCurdy, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Vickie Lynn McCurdy was a U.S. citizen. Vickie Lynn McCurdy died in 1997. Vickie Lynn McCurdy's estate is governed by the laws of Texas. Vickie Lynn McCurdy is represented by Tonya Catrice McCurdy for purposes of this lawsuit. Tonya Catrice McCurdy, on behalf of Vickie Lynn McCurdy, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**N. Mello Family**

42.     Wayne Mello, Sr. was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Wayne Mello, Sr. was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Wayne Mello, Sr. was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Wayne Mello, Sr. brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

43.     Rose Marie Mello is the wife of Wayne Mello, Sr., who was injured as a result of the Khobar Towers Attack. Rose Marie Mello is a U.S. citizen. Rose Marie Mello brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

44.     Anthony Mello is the son of Wayne Mello, Sr., who was injured as a result of the Khobar Towers Attack. Anthony Mello is a U.S. citizen. Anthony Mello brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

45.     Wayne Mello, Jr. is the son of Wayne Mello, Sr., who was injured as a result of the Khobar Towers Attack. Wayne Mello, Jr. is a U.S. citizen. Wayne Mello, Jr. brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**O. Michael David Morelock**

46.     Michael David Morelock was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Michael David Morelock was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Michael David Morelock was injured by an

act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Michael David Morelock brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**P.  Robinson Family**

47.     Frederick Antonio Robinson, now deceased, was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Frederick Antonio Robinson was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Frederick Antonio Robinson was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. At the time of the acts alleged herein, Frederick Antonio Robinson was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Frederick Antonio Robinson died on December 1, 2022. Frederick Antonio Robinson's estate is governed by the laws of Virginia. Frederick Antonio Robinson is represented by Tomickca Denise Robinson for purposes of this lawsuit. Tomickca Denise Robinson, on behalf of Frederick Antonio Robinson, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

48.     Ula G. Evans, now deceased, was the mother of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Ula G. Evans was a U.S. citizen. Ula G. Evans died on November 9, 2013. Ula G. Evans' estate is governed by the laws of Indiana. Ula G. Evans is represented by Tonya Rena Boone for purposes of this lawsuit. Tonya Rena Boone, on behalf of Ula G. Evans, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

49.     Nathaniel Robinson, now deceased, was the father of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Nathaniel Robinson was a U.S. citizen. Nathaniel Robinson died on November 10, 2017. Nathaniel Robinson's estate is goverened by the laws of Mississippi. Nathaniel Robinson is represented by Linda Ruth Robinson for purposes of this lawsuit. Linda Ruth Robinson, on behalf of Nathaniel Robinson, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

50.     Marquell Demetrae Robinson is the son of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. Marquell Demetrae Robinson is a U.S. citizen. Marquell Demetrae Robinson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

51.     Tonya Rena Boone is the sister of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. Tonya Rena Boone is a U.S. citizen. Tonya Rena Boone brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

52.     Pamela Denise Bradley, now deceased, was the sister of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Pamela Denise Bradley was a U.S. citizen. Pamela Denise Bradley died on October 23, 2006. Pamela Denise Bradley's estate is governed by the laws of Mississippi. Pamela Denise Bradley is represented by Breana Necole Cunningham for purposes of this lawsuit. Breana Necole Cunningham, on behalf of Pamela Denise Bradley, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

53.     Kawam Mwangi Evans is the brother of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. Kawam Mwangi Evans is a U.S. citizen. Kawam Mwangi Evans brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

54.     Cedrick Camino Robinson is the brother of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. Cedrick Camino Robinson is a U.S. citizen. Cedrick Camino Robinson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

55.     Osa Robinson is the brother of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. Osa Robinson is a U.S. citizen. Osa Robinson brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

56.     Sidney Garcia Robinson, now deceased, was the brother of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Sidney Garcia Robinson was a U.S. citizen. Sidney Garcia Robinson died on January 2, 2007. Sidney Garcia Robinson's estate is goverened by the laws of Mississippi. Sidney Garcia Robinson is represented by Linda Ruth Robinson for purposes of this lawsuit. Linda Ruth Robinson, on behalf of Sidney Garcia Robinson, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

57.     Chandra Lynn Wheaton is the sister of Frederick Antonio Robinson, who was injured as a result of the Khobar Towers Attack. Chandra Lynn Wheaton is a U.S. citizen. Chandra Lynn Wheaton brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**Q. Romero Family**

58.     Christopher Howard Romero was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Christopher Howard Romero was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Christopher Howard Romero was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Christopher Howard Romero brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

59.     Judith Ann Moya, now deceased, was the mother of Christopher Howard Romero, who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Judith Ann Moya was a U.S. citizen. Judith Ann Moya died on November 7, 2021. Judith Ann Moya's estate is governed by the laws of Nevada. Judith Ann Moya is represented by Christopher Howard Romero for purposes of this lawsuit. Christopher Howard Romero, on behalf of Judith Ann Moya, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

60.     Thomas Leopold Moya is the step-father of Christopher Howard Romero, who was injured as a result of the Khobar Towers Attack. Thomas Leopold Moya is a U.S. citizen. Thomas Leopold Moya brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**R. Rouse Family**

61.     Donald Wayne Rouse was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Donald Wayne Rouse was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Donald Wayne Rouse was injured by an act of

"extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Donald Wayne Rouse brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

62.    Eileen Patricia Rouse was the wife of Donald Wayne Rouse, who was injured as a result of the Khobar Towers Attack, at the time of the acts alleged herein. Eileen Patricia Rouse is a U.S. citizen. Eileen Rouse brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**S.  Roy Edgar Smith**

63.    Roy Edgar Smith was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Roy Edgar Smith was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Roy Edgar Smith was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Roy Edgar Smith brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**T.  Spivey Family**

64.    Jeffery Dean Spivey was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Jeffery Dean Spivey was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Jeffery Dean Spivey was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Jeffery Dean Spivey brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

65.    Jalissa Denise Spivey is the daughter of Jeffery Dean Spivey, who was injured as a result of the Khobar Towers Attack. Jalissa Denise Spivey is a U.S. citizen. Jalissa Denise Spivey

brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**U.  Stehley Family**

66.     Timothy Paul Stehley was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Timothy Paul Stehley was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Timothy Paul Stehley was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Timothy Paul Stehley brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

67.     Patricia Karen Hermalik is the mother of Timothy Paul Stehley, who was injured as a result of the Khobar Towers Attack. Patricia Karen Hermalik is a U.S. citizen. Patricia Karen Hermalik brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

68.     Tabatha Ann Barr is the sister of Timothy Paul Stehley, who was injured as a result of the Khobar Towers Attack. Tabatha Ann Barr is a U.S. citizen. Tabatha Ann Barr brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

69.     Tanya Karen Harshberger is the sister of Timothy Paul Stehley, who was injured as a result of the Khobar Towers Attack. Tanya Karen Harshberger is a U.S. citizen. Tanya Karen Harshberger is brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

70.     Tammy Lee Stehley is the sister of Timothy Paul Stehley, who was injured as a result of the Khobar Towers Attack. Tammy Lee Stehley is a U.S. citizen. Tammy Lee Stehley

brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

## V.  Treadway Family

71.    Robert Morris Treadway, Jr. was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Robert Morris Treadway, Jr. was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Robert Morris Treadway, Jr. was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Robert Morris Treadway, Jr. brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

72.    Mary Thaggard Treadway is the wife of Robert Morris Treadway, Jr., who was injured as a result of the Khobar Towers Attack. Mary Thaggard Treadway is a U.S. citizen. Mary Thaggard Treadway brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

73.    Janice Powers Treadway is the mother of Robert Morris Treadway, Jr., who was injured as a result of the Khobar Towers Attack. Janice Powers Treadway is a U.S. citizen. Janice Powers Treadway is represented by Robert Morris Treadway, Jr. for the purposes of this lawsuit. Robert Morris Treadway, Jr., on behalf of Janice Powers Treadway, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

74.    Robert Morris Treadway, Sr., now deceased, was the father of Robert Morris Treadway, Jr., who was injured as a result of the Khobar Towers Attack. At the time of the acts alleged herein, Robert Morris Treadway, Sr. was a U.S. citizen. Robert Morris Treadway, Sr. died

on March 15, 2019. Robert Morris Treadway, Sr.'s estate is governed by the laws of North Carolina. Robert Morris Treadway, Sr. is represented by Robert Morris Treadway, Jr. for purposes of this lawsuit. Robert Morris Treadway, Jr. on behalf of Robert Morris Treadway, Sr., brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

75.    Roberta Treadway Coats is the sister of Robert Morris Treadway, Jr., who was injured as a result of the Khobar Towers Attack. Roberta Treadway Coats is a U.S. citizen. Roberta Treadway Coats brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**W. Christopher Thomas Wagar**

76.    Christopher Thomas Wagar was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Christopher Thomas Wagar was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Christopher Thomas Wagar was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack. Christopher Thomas Wagar brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**X.  Wells Family**

77.    Matthew A. Wells was an injured victim in the Khobar Towers Attack. At the time of the acts alleged herein, Mattthew A. Wells was a U.S. citizen serving as a member of the U.S. Armed Forces in Dhahran, Saudi Arabia. Mattthew A. Wells was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) in connection with the Khobar Towers Attack.

Mattthew A. Wells brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

78.    Angela Sue Holloway was the wife of Matthew A. Wells, who was injured as a result of the Khobar Towers Attack, at the time of the acts alleged herein. Angela Sue Holloway is a U.S. citizen. Angela Sue Holloway brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

79.    Sara Ashley Wells is the daughter of Matthew A. Wells, who was injured as a result of the Khobar Towers Attack. Sara Ashley Wells is a U.S. citizen. Sara Ashley Wells brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

80.    Margaret Kaye Wells is the mother of Matthew A. Wells, who was injured as a result of the Khobar Towers Attack. Margaret Kaye Wells is a U.S. citizen. Margaret Kaye Wells brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

81.    Willard Lee Wells is the father of Matthew A. Wells, who was injured as a result of the Khobar Towers Attack. Willard Lee Wells is a U.S. citizen. Willard Lee Wells is represented by Margaret Kaye Wells for the purposes of this lawsuit. Margaret Kaye Wells, on behalf of Willard Lee Wells, brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

82.    Nicholas Wells is the brother of Matthew A. Wells, who was injured as a result of the Khobar Towers Attack. Nicholas Wells is a U.S. citizen. Nicholas Wells brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

83.     Stephen Hutchinson Wells is the brother of Matthew A. Wells, who was injured as a result of the Khobar Towers Attack. Stephen Hutchinson Wells is a U.S. citizen. Stephen Hutchinson Wells brings claims for personal injury, pain and suffering, economic damages, and/or punitive damages resulting from the acts alleged herein.

**DEFENDANT**

84.     Defendant Iran is a foreign sovereign state.

85.     Iran is not immune from the jurisdiction of this Court because Plaintiffs are seeking money damages "for personal injury . . . that was caused by an act of . . . extrajudicial killing . . . or the provision of material support or resources for such an act," as provided for in the Terrorism Exception. 28 U.S.C. § 1605A(a).

86.     Iran is now designated a state sponsor of terrorism, and has been so designated since January 19, 1984, pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. Appx. § 2405(j)), and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371).

87.     28 U.S.C. § 1605A(a)(2)(A)(i)(I) provides that a court shall hear claims against a foreign state related to an act of state-sponsored terrorism if the claimants or the victims meet certain requirements in other provisions of 28 U.S.C. § 1605A(a)(2) and "the foreign state was designated a state sponsor of terrorism at the time the act . . . occurred . . . and remains so designated." Iran was designated a state sponsor of terrorism in 1984 and remains so designated, and all other requirements of 28 U.S.C. 1605A(2)(a)(i)(I) are met as to the 1996 Khobar Towers Attack.

88.     As described in more detail below, courts in this District repeatedly have held Iran liable as a state sponsor of international terrorism for the deaths and injuries that resulted from the

Khobar Towers Attack based on Iran's provision of material support and resources to the terrorist organizations that carried out the attack.

## III.

## FACTUAL ALLEGATIONS

89.     "At approximately 10 minutes before 10 pm on June 25, 1996, a large gasoline tanker truck pulled up alongside the perimeter wall of the Khobar Towers complex. The driver jumped out, ran into a waiting car that had pulled up near the truck, and sped off." *Blais*, 459 F. Supp. 2d at 47; *Heiser I*, 466 F. Supp. 2d at 252.

90.     "[T]he truck exploded with great force within about 15 minutes. . . . [T]he force of the explosion was the equivalent of 20,000 pounds of TNT. The Defense Department said that it was the largest non-nuclear explosion ever up to that time." *Blais*, 459 F. Supp. 2d at 47-48; *Heiser I*, 466 F. Supp. 2d at 252.

91.     "Nineteen United States Air Force personnel were killed in the explosion, and hundreds of others were injured." *Blais*, 459 F. Supp. 2d at 48; *Heiser I*, 466 F. Supp. 2d at 252.

92.     Defendant Iran provided material support for the attack. Iranian officials, acting on behalf of Iran and within the scope of their position, provided operational and logistical support, financial support, and intelligence information, and the attack was approved by Iran's Supreme leader.

93.     Facts which demonstrate Iran's involvement include:

   a.    "The attack was carried out by individuals recruited principally by a senior official of the [Islamic Revolutionary Guard Corps ("IRGC")], Brigadier General Ahmed Sharifi. Sharifi, who was the operational commander, planned the operation and recruited individuals for the operation at the Iranian embassy in Damascus, Syria. He provided the passports, the paperwork, and the funds for the individuals who carried out the attack." *Blais*, 459 F. Supp. 2d at 48; *Heiser I*, 466 F. Supp. 2d at 252.

b. "The truck bomb was assembled at a terrorist base in the Bekaa Valley which was jointly operated by the IRGC and by the terrorist organization known as Hezbollah." *Heiser I*, 466 F. Supp. 2d at 252.

c. "The terrorist attack on the Khobar Towers was approved by Ayatollah Khameini, the Supreme leader of Iran at the time." *Blais*, 459 F. Supp. 2d at 48; *Heiser I*, 466 F. Supp. 2d at 252.

d. The Khobar Towers Attack "was also approved and supported by the Iranian Minister of Intelligence and Security ("MOIS") at the time, Ali Fallahian, who was involved in providing intelligence security support for the operation. Fallahian's representative in Damascus, a man named Nurani, also provided support for the operation." *Blais*, 459 F. Supp. 2d at 48; *Heiser I*, 466 F. Supp. 2d at 252.

94.    As a result of Iran's actions, Courts in this District repeatedly have held Iran liable for the Khobar Towers Attack, based on an extensive record developed through documents and expert testimony. *See, e.g.*, *Estate of Johnson*, 2024 WL 3225954, at *13; *Thole*, 2024 WL 2208208, at *13; *Gration*, 2023 WL 5221955, at *28; *Mustard*, 2023 WL 1778193, at *10; *Ackley*, 2022 WL 3354720, at *50; *Blank*, 2021 WL 3021450, at *9; *Christie*, 2020 WL 3606273, at *19; *Aceto*, 2020 WL 619925, at *17; *Schooley*, 2019 WL 2717888, at *73; *Akins*, 332 F. Supp. 3d at 38; *Valencia*, 774 F.Supp.2d at 10-14; *Rimkus*, 575 F. Supp. 2d at 197; *Heiser I*, 466 F. Supp. 2d at 266-67; *Blais*, 459 F. Supp. 2d at 54-58.

95.    Judge Lamberth held 17 days of hearings in *Heiser I* before making his holdings, and heard additional testimony from expert witnesses in *Blais*. The expert testimony included testimony from Louis Freeh, who was the Director of the Federal Bureau of Investigation ("FBI") at the time of the Khobar Towers Attack; Dale Watson, who had been the deputy counterterrorism chief of the FBI and later the section chief for all international terrorism;, and experts Dr. Patrick Clawson, a scholar of Middle Eastern politics, and Dr. Bruce Tefft, both of whom have frequently provided expert testimony regarding Iran's involving in sponsoring terrorism. *See Heiser I*, 466 F.

Supp. 2d at 250-54, 260-65; *Blais*, 459 F. Supp. 2d at 46 n.4, 48-49; *Gration*, 2023 WL 5221955, at *1; *Schooley*, 2019 WL 2717888, at *1 n.4.

96.    The court in *Blais* and *Heiser I* also considered details of the "massive and thorough" FBI investigation and subsequent proceedings. *Blais*, 459 F. Supp. 2d at 48; *Heiser I*, 466 F. Supp. 2d at 252. "[A]s a result of this investigation, the FBI [] obtained a great deal of information linking the [Iran] to the bombing from interviews with six admitted members of the Saudi Hezbollah [terrorist organization that carried out the bombing]." *Heiser I*, 466 F. Supp. 2d at 248, 252-53. The individuals interviewed "admitted to the FBI their complicity in the attack on the Khobar Towers, and admitted that senior officials in the Iranian government provided them with funding, planning, training, sponsorship, and travel necessary to carry out the attack on the Khobar Towers," and "also indicated that the selection of the target and the authorization to proceed was done collectively by Iran," including through MOIS and the IRGC. *Id.* at 252-53 (internal citations omitted).

97.    Following *Blais* and *Heiser I*, courts have taken judicial notice of the evidence developed in those cases to reach their own findings that Iran is liable for the Khobar Towers Attack. *See, e.g.*, *Gration*, 2023 WL 5221955, at *1-2; *Schooley*, 2019 WL 2717888, at *1-2.

98.    In the instant case, as in prior cases in this District, the personal injuries of the U.S. Servicemember Plaintiffs and the Family Member Plaintiffs were the direct and proximate result of the willful, wrongful, intentional, and reckless acts of terrorists whose acts were materially supported, funded and directed by Iran and its agents while acting within the scope of their offices, employment, or agencies.

## COUNT I

## 28 U.S.C. § 1605A(c), PRIVATE RIGHT OF ACTION

99.     The foregoing paragraphs are incorporated as if fully set forth herein.

100.    Pursuant to 28 U.S.C. §§ 1605A(a) and (c), a foreign state that is and was at the relevant time a state sponsor of terrorism is not immune from the jurisdiction of U.S. courts and is liable to U.S. servicemembers and/or U.S. nationals for personal injury caused by an act of extrajudicial killing, or the provision of material support or resources for such an act, committed by its officials, employees, or agents while acting within the scope of their office, employment, or agency.

101.    Plaintiffs herein are, as individually alleged above, U.S. servicemembers injured in the Khobar Towers Attack and their immediate family members. As alleged above, all Plaintiffs are, and were at the time of the Khobar Towers Attack, U.S. nationals.

102.    On June 25, 1996, Defendant and/or its agents, either directly or through the provision of material support or resources to others as described herein, willfully and/or recklessly, violently, and forcefully caused an explosive device to detonate at Khobar Towers in Saudi Arabia, in an act of extrajudicial killing which resulted in 19 deaths and caused personal injuries to numerous U.S. servicemembers, including the U.S. Servicemember Plaintiffs here, and their immediate family members, including the Family Member Plaintiffs here.

103.    Defendant is and at all relevant times was a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

104.    Defendant and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including providing material support and/or resources to the perpetrators of the Khobar Towers Attack.

105.    As a direct and proximate result of the wrongful, willful, intentional, and reckless acts of Defendant and/or its agents, all Plaintiffs herein suffered personal injury caused by an act of extrajudicial killing, entitling them to compensatory damages. The actions of Defendant and/or its agents were a substantial factor in the sequence of events that led to Plaintiff's injuries, and those injuries were reasonably foreseeable or anticipated as a natural consequence of the conduct of Defendant and/or its agents.

106.    Accordingly, pursuant to § 1605A(c), all Plaintiffs herein may assert a private right of action against Defendant for personal injury as a result of the actions of Defendant and/or its agents, and Defendant is liable to all Plaintiffs for money damages compensating for the full amount of the harm to Plaintiffs resulting from the wrongful, willful, intentional, and reckless acts of Defendant and/or Defendant's agents, including, *inter alia*, physical pain and suffering, mental anguish, emotional pain and suffering, loss of solatium, loss of consortium, and/or economic losses.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant the Islamic Republic of Iran in connection with the Khobar Towers Attack.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

107.    Paragraphs 1 through 98 are incorporated by reference as though fully set forth herein.

108.    A party is liable for intentional infliction of emotional distress when it acts in a manner that is outrageous and purposely or recklessly causes emotional distress so severe that it could be expected to adversely affect mental health and the party's conduct does cause such distress and adverse effect.

109.    Pursuant to 28 U.S.C. §§ 1605A(a) and (c), a foreign state that is and was at the relevant time a state sponsor of terrorism is not immune from the jurisdiction of U.S. courts, and is liable to U.S. servicemembers and/or U.S. nationals for personal injury caused by an act of extrajudicial killing, or the provision of material support or resources for such an act, committed by its officials, employees, or agents while acting within the scope of their office, employment, or agency.

110.    Plaintiffs herein are, as individually alleged above, U.S. servicemembers injured in the Khobar Towers Attack and their immediate family members. As alleged above, all Plaintiffs are, and were at the time of the Khobar Towers Attack, U.S. nationals.

111.    On June 25, 1996, Defendant and/or its agents, either directly or through the provision of material support or resources to others as described herein, willfully and/or recklessly, violently, and forcefully caused an explosive device to detonate at Khobar Towers in Saudi Arabia, in an act of extrajudicial killing which resulted in 19 deaths and caused personal injuries to numerous U.S. servicemembers, including the U.S. Servicemember Plaintiffs here, and their immediate family members, including the Family Member Plaintiffs here.

112.    Defendant is and at all relevant times was a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

113.    Defendant and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including providing material support and/or resources to the perpetrators of the Khobar Towers Attack.

114.    The wrongful, willful, intentional, and reckless acts of Defendant and/or its agents alleged herein, including providing material support and/or resources to the perpetrators of the

Khobar Towers Attack constituted extreme and outrageous conduct on the part of Defendant and/or its agents.

115.    As a direct and proximate result of the extreme and outrageous conduct on the part of Defendant and/or its agents, all Plaintiffs herein suffered severe emotional distress that could be expected to and did adversely affect their mental health, caused by an act of extrajudicial killing, entitling them to compensatory damages. The actions of Defendant and/or its agents were a substantial factor in the sequence of events that led to Plaintiff's injuries, and those injuries were reasonably foreseeable or anticipated as a natural consequence of the conduct of Defendant and/or its agents.

116.    Accordingly, all Plaintiffs herein may assert a cause of action against Defendant for intentional infliction of emotional distress as a result of the actions of Defendant and/or its agents, and Defendant is liable to all Plaintiffs for money damages compensating for the full amount of the harm to Plaintiffs resulting from the wrongful, willful, intentional, and/or reckless acts of Defendant and/or Defendant's agents, including, *inter alia*, mental anguish, emotional pain and suffering, loss of solatium, loss of consortium, and/or physical pain and suffering or economic losses resulting therefrom.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant the Islamic Republic of Iran in connection with the Khobar Towers Attack.

## COUNT III

## ASSAULT AND/OR BATTERY

117.    Paragraphs 1 through 98 are incorporated herein as if fully set forth.

118.    A party is liable for assault if it acts intending to cause a harmful or offensive contact, such as contact which causes a physical impairment of the condition of another's body, or

intending to cause an imminent apprehension of such a contact, and the other is thereby put in such imminent apprehension, and a party is liable for battery if it acts intending to cause a harmful or offensive contact and such harmful or offensive contact in fact directly or indirectly results.

119.    Pursuant to 28 U.S.C. §§ 1605A(a) and (c), a foreign state that is and was at the relevant time a state sponsor of terrorism is not immune from the jurisdiction of U.S. courts, and is liable to U.S. servicemembers and/or U.S. nationals for personal injury caused by an act of extrajudicial killing, or the provision of material support or resources for such an act, committed by its officials, employees, or agents while acting within the scope of their office, employment, or agency.

120.    All U.S. Servicemember Plaintiffs are, as individually alleged above, U.S. servicemembers injured in the Khobar Towers Attack. All U.S. Servicemember Plaintiffs are, and were at the time of the Khobar Towers Attack, U.S. nationals.

121.    On June 25, 1996, Defendant and/or its agents, either directly or through the provision of material support or resources to others as described herein, willfully and/or recklessly, violently, and forcefully caused an explosive device to detonate at Khobar Towers in Saudi Arabia, in an act of extrajudicial killing which resulted in 19 deaths and which was intended to and did cause harmful or offensive contact, or the imminent apprehension of such harmful or offensive contact, to the U.S. Servicemember Plaintiffs here.

122.    Defendant is and was at all relevant times a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

123.    Defendant and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including providing material support and/or resources to the perpetrators of the Khobar Towers Attack.

124.    As a direct and proximate result of the wrongful, willful, intentional, and reckless acts of Defendant and/or its agents, all U.S. Servicemember Plaintiffs suffered harmful contact and/or imminent apprehension of such contact caused by an act of extrajudicial killing, entitling them to compensatory damages. The actions of Defendant and/or its agents were a substantial factor in the sequence of events that led to the U.S. Servicemember Plaintiffs' injuries, and those injuries were reasonably foreseeable or anticipated as a natural consequence of the conduct of Defendant and/or its agents.

125.    Accordingly, all U.S. Servicemember Plaintiffs may assert a cause of action against Defendant for assault and/or battery as a result of the actions of Defendant and/or its agents, and Defendant is liable to all U.S. Servicemember Plaintiffs for money damages compensating for the full amount of the harm to those U.S. Servicemember Plaintiffs resulting from the wrongful, willful, intentional, and/or reckless acts of Defendant and/or Defendant's agents, including, *inter alia*, physical pain and suffering, mental anguish, emotional pain and suffering, and/or economic losses.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant the Islamic Republic of Iran in connection with the Khobar Towers Attack.

## COUNT IV

## SOLATIUM AND/OR LOSS OF CONSORTIUM

126.    Paragraphs 1 through 98 are incorporated herein as if fully set forth.

127.    A party is liable for solatium and/or loss of consortium when its wrongful acts cause emotional pain and suffering, including due to the loss of or impairment to the intangible benefits of a relationship with another.

128.    Pursuant to 28 U.S.C. §§ 1605A(a) and (c), a foreign state that is and was at the relevant time a state sponsor of terrorism is not immune from the jurisdiction of U.S. courts, and is liable to U.S. nationals and/or servicemembers for personal injury caused by an act of extrajudicial killing, or the provision of material support or resources for such an act, committed by its officials, employees, or agents while acting within the scope of their office, employment, or agency.

129.    All Family Member Plaintiffs are, as individually alleged above, immediate family members of U.S. servicemembers injured in the Khobar Towers Attack. As alleged above, all of the Family Member Plaintiffs are, and were at the time of the Khobar Towers Attack, U.S. nationals.

130.    On June 25, 1996, Defendant and/or its agents, either directly or through the provision of material support or resources to others as described herein, willfully and/or recklessly, violently, and forcefully caused an explosive device to detonate at Khobar Towers in Saudi Arabia, in an act of extrajudicial killing which resulted in 19 deaths and caused personal injuries to numerous U.S. servicemembers and their immediate family members, including the Family Member Plaintiffs here.

131.    Defendant is and at all relevant times was a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

132.    Defendant and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including providing material support and/or resources to the perpetrators of the Khobar Towers Attack.

133.    As a direct and proximate result of the wrongful, willful, intentional, and reckless acts of Defendant and/or its agents, all Family Member Plaintiffs suffered loss of solatium and/or

loss of consortium caused by an act of extrajudicial killing, entitling them to compensatory damages. The actions of Defendant and/or its agents were a substantial factor in the sequence of events that led to the Family Member Plaintiff's injuries, and those injuries were reasonably foreseeable or anticipated as a natural consequence of the conduct of Defendant and/or its agents.

134.    Accordingly, all Family Member Plaintiffs may assert a cause of action against Defendant for loss of solatium and/or loss of consortium as a result of the actions of Defendant and/or its agents, and Defendant is liable to all Family Member Plaintiffs for money damages compensating for the full amount of the harm resulting from the wrongful, willful, intentional, and reckless acts of Defendant and/or Defendant's agents, including, *inter alia*, solatium, loss of consortium, mental anguish, and/or emotional pain and suffering, and any physical pain and suffering or economic losses arising therefrom.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant the Islamic Republic of Iran in connection with the Khobar Towers Attack.

## COUNT V

## SURVIVAL CLAIMS

135.    Paragraphs 1 through 98 are incorporated herein as if fully set forth.

136.    Pursuant to 28 U.S.C. §§ 1605A(a) and (c), a foreign state that is and was at the relevant time a state sponsor of terrorism is not immune from the jurisdiction of U.S. courts and is liable to U.S. servicemembers and/or U.S. nationals for personal injury caused by an act of extrajudicial killing, or the provision of material support or resources for such an act, committed by its officials, employees, or agents while acting within the scope of their office, employment, or agency.

137.    Certain Plaintiffs herein are, as individually alleged above, the estates and/or personal representatives of the estates of U.S. servicemembers injured in the Khobar Towers Attack, or the estates and/or personal representatives of the estates of immediate family members of U.S. servicemembers. As alleged above, all estate decedents were, and were at the time of the Khobar Towers Attack, U.S. nationals.

138.    On June 25, 1996, Defendant and/or its agents, either directly or through the provision of material support or resources to others as described herein, willfully and/or recklessly, violently, and forcefully caused an explosive device to detonate at Khobar Towers in Saudi Arabia, in an act of extrajudicial killing which resulted in 19 deaths and caused personal injuries to numerous U.S. servicemembers, including the U.S. servicemember estate decedents here, and their immediate family members, including the family member estate decedents here.

139.    Defendant is and at all relevant times was a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

140.    Defendant and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including providing material support and/or resources to the perpetrators of the Khobar Towers Attack.

141.    As a direct and proximate result of the wrongful, willful, intentional, and reckless acts of Defendant and/or its agents, all servicemember estate decedents suffered personal injury, including severe emotional distress that could be expected to and did adversely affect their mental health and harmful contact and/or imminent apprehension of such contact, caused by an act of extrajudicial killing, entitling them to compensatory damages. As a direct and proximate result of the wrongful, willful, intentional, and reckless acts of Defendant and/or its agents, all family member estate decedents suffered personal injury, including severe emotional distress that could

be expected to and did adversely affect their mental health and loss of solatium and/or loss of consortium, caused by an act of extrajudicial killing, entitling them to compensatory damages. The actions of Defendant and/or its agents were a substantial factor in the sequence of events that led to the estate decedents injuries, and those injuries were reasonably foreseeable or anticipated as a natural consequence of the conduct of Defendant and/or its agents

142.    As a result of the actions of Defendant and/or Defendants agents, Defendant would be liable to all estate decedents, were those estate decedents still alive, for damages compensating for the full amount of the harm to the estate decedents resulting from the wrongful, willful, intentional, and reckless acts of Defendant and/or Defendant's agents, including, *inter alia*, physical pain and suffering, mental anguish, emotional pain and suffering, loss of solatium, loss of consortium, and/or economic losses.

143.    Accordingly, all estate and/or estate representative Plaintiffs may assert survival claims on behalf of the estates as a result of the actions of Defendant and/or its agents, and Defendant is liable to all estate and/or estate representative Plaintiffs for money damages in the full amount of the damages to which the estate decedents would be entitled were those estate decedents still alive

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant the Islamic Republic of Iran in connection with the Khobar Towers Attack.

## COUNT VI

## PUNITIVE DAMAGES

144.    Paragraphs 1 through 98 are incorporated herein as if fully set forth.

145.    Pursuant to 28 U.S.C. §§ 1605A(a) and (c), a foreign state that is and was at the relevant time a state sponsor of terrorism is not immune from the jurisdiction of U.S. courts and is

liable to U.S. servicemembers and/or U.S. nationals for personal injury caused by an act of extrajudicial killing, or the provision of material support or resources for such an act, committed by its officials, employees, or agents while acting within the scope of their office, employment, or agency.

146.    Plaintiffs herein are, as individually alleged above, U.S. servicemembers and their immediate family members. As alleged above, all Plaintiffs are, and were at the time of the Khobar Towers Attack, U.S. nationals.

147.    On June 25, 1996, Defendant and/or its agents, either directly or through the provision of material support or resources to others as described herein, willfully and/or recklessly, violently, and forcefully caused an explosive device to detonate at Khobar Towers in Saudi Arabia, in an act of extrajudicial killing which resulted in 19 deaths and caused personal injuries to numerous U.S. servicemembers, including the U.S. Servicemember Plaintiffs here, and their immediate family members, including the Family Member Plaintiffs here.

148.    Defendant is and at all relevant times was a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

149.    Defendant and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including providing material support and/or resources to the perpetrators of the Khobar Towers Attack.

150.    Accordingly, pursuant to §§ 1605A(a) and (c), and consistent with prior awards of punitive damages for the Khobar Towers Attack, Defendant is liable to Plaintiffs for punitive damages resulting from the acts alleged herein, in no less than an amount equal to any compensatory damages awarded.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant the Islamic Republic of Iran in connection with the Khobar Towers Attack.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

a. Grant Plaintiffs judgment in their favor against Defendant on Counts I through VI; and

b. Award Plaintiffs

1. Compensatory damages against Defendant the Islamic Republic of Iran in the amount of no less than Five Hundred Million Dollars ($500,000,000.00);

2. Punitive damages against Defendant the Islamic Republic of Iran in the amount of Five Hundred Million Dollars ($500,000,000.00);

3. Pre-judgment interest;

4. Post-judgment interest;

5. Reasonable costs and expenses;

6. Reasonable attorneys' fees; and

7. Such other and further relief which the Court may determine to be just and equitable under the circumstances.

Dated:  August 6, 2024                    Respectfully submitted,


/s/ *Aryeh S. Portnoy*
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Emily M. Alban, D.C. Bar No. 977035

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

*Attorneys for Plaintiffs*